UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

T. L. BURNS, III                                    CIVIL ACTION NO. 06-883

versus                                              JUDGE HICKS

B. M. SOTAK, ET AL., ET AL.                         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

T. L. Burns, III ("Plaintiff"), who is not represented by counsel, filed this civil action against several defendants arising from a traffic stop and resulting criminal proceedings. Plaintiff alleges that Shreveport Police Officer B. M. Sotak used excessive force during the stop and caused Plaintiff significant injuries. Plaintiff alleges he was cited with several traffic violations that were prosecuted in Shreveport City Court.

One of the named defendants is Ronald Miciotto, a local attorney, whom Plaintiff alleges he hired to represent him to defend the traffic citations and in a civil action arising from the incident. Plaintiff alleges that Mr. Miciotto failed to show up for a court appearance regarding the traffic citations. (Plaintiff states in a memorandum that one of Mr. Miciotto's associates eventually appeared and obtained a continuance of the matters. Doc. 18, page 7.) Mr. Miciotto later sent Plaintiff a letter and advised that he could no longer represent Plaintiff. A call from Plaintiff to Mr. Miciotto's office allegedly resulted in a secretary telling Plaintiff that Mr. Miciotto could not handle the case because of a conflict of interest.

Plaintiff alleges that Miciotto acted unethically by not making him aware of the conflict of interest from the onset.

Before the court is Mr. Miciotto's Motion to Dismiss (Doc. 15). Mr. Miciotto argues that Plaintiff's complaint fails to state a claim upon which relief can be granted against him and because the court lacks subject matter jurisdiction over the claim against him.

There is no basis to exercise federal question jurisdiction over the claims against Mr. Miciotto pursuant to 28 U.S.C. § 1331. A private attorney is not a state actor, so he is generally not subject to suit under Section 1983 and similar federal civil rights statutes. See Serton v. Sollie, 2003 WL 22849840 (5th Cir. 2003); Mills v. Criminal District Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988). Plaintiff alleges in paragraph 19 of his complaint that Mr. Miciotto "is, was, or became an active assistant city attorney for the City of Shreveport." Plaintiff goes on to allege that Mr. Miciotto "received information detrimental to his case and held the information for over a month and the attorney could have possibly shared the knowledge of or the information with others of pending action to be taken by the plaintiff." That vague allegation is not sufficient to make Mr. Miciotto a state actor for purposes of the allegations against him. To the extent the allegations could be considered sufficient to render Miciotto a state actor, the speculative (e.g., "could have possibly") and vague assertions are simply insufficient to state a claim upon which relief can be granted under Section 1983. See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996) ("Public officials are entitled to qualified

immunity from suit under § 1983 unless it is shown by specific allegations that the officials violated clearly established law.")

The only potential grounds for claims against Mr. Miciotto lie in Louisiana law. Plaintiff refers to provisions in the Louisiana Rules of Professional Conduct that he believes Mr. Miciotto violated. There is no diversity jurisdiction in this case because Plaintiff and some or all of the defendants are Louisiana citizens, but supplemental jurisdiction over the state-law claim against Mr. Miciotto is possible. That is because Plaintiff may have pleaded a colorable Section 1983 claim against Officer Sotak and, if so, the court could exercise supplemental jurisdiction over the state-law claims against Mr. Miciotto pursuant to 28 U.S.C. § 1367.

The facts and law underlying the excessive force claim are significantly different from those associated with the legal ethics allegations against Mr. Miciotto. Despite their many differences, it is possible that a reasonable jurist might find that the claims form part of the same case or controversy so that the exercise of supplemental jurisdiction would be possible. To the extent that may be the case, it is recommended that the court nonetheless decline, pursuant to Section 1367(c), to exercise supplemental jurisdiction over the state-law claims against Mr. Miciotto. The almost wholly different factual and legal grounds for the claims fully warrant that step. The court need not express any opinion as to whether Plaintiff has stated a state-law claim against Mr. Miciotto; it need only dismiss any such claims without prejudice to their being pursued in another forum.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 15)** be **granted** by **dismissing with prejudice** any claims against Defendant Ronald J. Miciotto that purport to arise under 42 U.S.C. § 1983, and **dismissing without prejudice,** pursuant to 28 U.S.C. § 1367(c), all other claims against Mr. Miciotto.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 20th day of July, 2006.

                                            MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE