UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

T. L. BURNS, III                                              CIVIL ACTION NO. 06-883

versus                                                         JUDGE HICKS

B. M. SOTAK, ET AL.                                   MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

T. L. Burns, III ("Plaintiff"), who is not represented by counsel, filed this civil action against several defendants arising from a May 2005 traffic stop and resulting criminal proceedings. Plaintiff alleges that Shreveport Police Officer B. M. Sotak used excessive force during the stop and caused Plaintiff significant injuries. Plaintiff alleges he was cited with several traffic violations that were prosecuted in Shreveport City Court.

One of the Defendants, Plaintiff's state-court defense counsel, was dismissed during preliminary motion practice. Docs. 20 & 25. A scheduling conference was then held with respect to the remaining claims against Officers Sotak, the City of Shreveport and its mayor. The defendants now present a Motion to Dismiss (Doc. 34) based on assertions that Plaintiff failed to provide a timely witness list or appear for his scheduled deposition. It is recommended, for the reasons that follow, that the motion be granted.

If a party who has been served proper notice of a deposition fails to appear for his deposition, the court, on motion, may make such orders in regard to the failure as are just. The ordered remedy may include dismissal of the action. Fed. R. Civ. P. 37(d). The parties are also obligated to comply with the court's orders. The scheduling order in this case, issued

after a conference that Plaintiff personally attended, required the exchange of witness lists by March 11, 2007. The scheduling order stated, in the opening paragraph, that: "Plaintiff was advised regarding his obligations to comply with the deadlines in this order and that, if he fails to do so, his lawsuit may be dismissed." Doc. 33. Failure to file a witness list may warrant dismissal. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744 (5th Cir. 1987) (affirming dismissal based on pro se litigant's failure to serve a witness list).

The one-year statute of limitations that applies to a Section 1983 claim in Louisiana means that any dismissal at this time is effectively a dismissal with prejudice. Collins v. Stalder, 2007 WL 1577939 (5th Cir. 2007). Dismissals with prejudice are appropriate only on a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice. Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006). A dismissal with prejudice usually, but not always, requires that there also be present one of several aggravating factors. Those factors are the extent to which the plaintiff, as distinguished from his attorney, was personally responsible for the delay, the degree of actual prejudice to the defendants, and whether the delay was the result of intentional conduct. Id. at 417-18.

Plaintiff, although "strongly encouraged to obtain counsel" at the scheduling conference (See Doc. 33), is proceeding *pro se*, so he has only himself to blame for any failures. Documents attached to the motion to dismiss show that Plaintiff did appear for his first scheduled deposition, but defense counsel observed that Plaintiff's ability to speak and

walk was impaired. Plaintiff stated that he had taken Elavil the night before and that it impaired his ability to testify that day. Before Plaintiff left the site of the attempted deposition, defense counsel hand-delivered to Plaintiff a notice of a deposition to be held the next week.

Plaintiff appeared for the second deposition and answered some questions, but he suddenly stated that he was "really feeling a little blank" because his back had begun hurting. Plaintiff said that he did not think the answers he could give "after this point right now would really be clear answers" because of the pain he was experiencing. Plaintiff and defense counsel agreed to adjourn the deposition and return the next week for its continuation. Plaintiff suggested a time that was good for him, and defense counsel agreed. Defense counsel immediately prepared a notice of deposition and hand-delivered a copy to Plaintiff.

Counsel represents that Plaintiff, prior to the third attempt, informed Defendants that he would not be able to attend. Plaintiff did not say why he would not be available. Defense counsel then noticed a fourth attempted deposition and served the notice by mail. The cover letter stated that the Defendants could not agree to any further continuances. Plaintiff nonetheless failed to appear for the scheduled deposition, and the court reporter prepared a certificate to that effect.

The Motion to Dismiss was noticed for briefing, but Plaintiff did not file any response or make any other effort on the record to explain his failure to submit a witness list or appear for his scheduled deposition. The facts discussed above demonstrate a clear record of delay

or contumacious conduct by Plaintiff. The fault may not be blamed on an attorney, and the repeated failures warrant a finding that the Plaintiff's actions were intentional. Defendants, if forced to go forward to trial without a complete deposition of Plaintiff or a timely list of Plaintiff's witnesses, would certainly be prejudiced in their trial preparation. A dismissal with prejudice is warranted under these circumstances, especially where Plaintiff has not even bothered to respond to the motion to dismiss. See Hickman v. Fox Television Station, Inc., 177 Fed.Appx. 427 (5th Cir. 2006) (plaintiff did not cooperate in discovery and failed to attend second deposition that was ordered after first deposition was incomplete; dismissal with prejudice affirmed) .There is nothing in the record to suggest that lesser sanctions would serve the best interests of justice.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 34)** be **granted** and that all of Plaintiff's remaining claims be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 37(d) and for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 23rd day of July, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE